UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EIC GROUP, INC.,                                                           PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:04-CV-415-S

FKI LOGISTEX INTEGRATION, INC.,
d/b/a FKI LOGISTEX (f/k/a S.N.E.
SYSTEMS, INC.) and FEDERAL EXPRESS
CANADA LTD.,                                                            DEFENDANTS

and

FKI LOGISTEX INTEGRATION, INC.,
d/b/a FKI LOGISTEX (f/k/a S.N.E.
SYSTEMS, INC.)                                                   THIRD PARTY PLAINTIFF

v.

NORTHROP GRUMMAN                                       THIRD PARTY DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on motion of the defendant, Federal Express Canada Ltd. ("FedEx Canada"), to dismiss the complaint for lack of personal jurisdiction (DN 7). The plaintiff, EIC Group, Inc. ("EIC"), brought this action against FKI Logistex, Inc. ("FKI") alleging breach of contract, breach of warranty, negligence, quantum meruit and unjust enrichment and against FedEx Canada for quantum meruit and unjust enrichment. For the reasons stated below we will grant defendant's motion to dismiss the complaint against it for lack of personal jurisdiction by separate order entered this date.

**FACTUAL BACKGROUND**

Prior to September of 2000, FedEx Canada decided to make improvements to a facility it leased at the Greater Toronto Airport located in Toronto, Canada (the "Project"). To facilitate the

Project, FedEx Canada contracted with Northrop Grumman Overseas Service Corporation ("Northrop"), to be the Project's general contractor. Northrop is a corporation organized under the laws of Maryland with its principal place of business in Maryland.

In 2001, Northrop contracted with FKI to perform services as the electrical controls design contractor for the Project. FKI, in turn, contracted with EIC whereby EIC was to supply and install electrical materials on the Project. FKI is a corporation organized under the laws of Kentucky with its principal place of business in Kentucky. EIC is a Canadian corporation with its principal place of business in Ontario, Canada.

EIC alleges that during the course of its performance of the contract, FKI required it to supply additional labor and materials to the Project beyond that which was agreed to in the contract. EIC also alleges that FKI has refused to pay for these additional expenses. Consequently, EIC has filed this suit against FKI for breach of contract, breach of warranty, negligence, quantum meruit and unjust enrichment. EIC has also filed this suit against FedEx Canada for quantum meruit and unjust enrichment.

FedEx Canada is a Canadian corporation organized and existing under the laws of Canada with its principal place of business in Mississaugua, Ontario, Canada. It has no offices or employees located in the state of Kentucky and does not solicit business in the state of Kentucky. FedEx Canada has moved to dismiss the complaint against it, alleging that this court lacks personal jurisdiction over it. EIC argues that FedEx Canada has significant ties to Kentucky and it is therefore subject to this courts personal jurisdiction.

## DISCUSSION

To determine whether a federal court sitting in diversity jurisdiction may exercise personal jurisdiction over an out-of-state defendant, the court must analyze whether the forum state's long-arm statute and the Due Process Clause of the United States Constitution are satisfied. *Aristech*

*Chem. Int'l v. Acrylic Fabricators*, 138 F.3d 624, 627 (6th Cir. 1998).  "Because Kentucky has construed its long-arm statute to extend as far as the Due Process Clause, we may confine" our analysis to whether jurisdiction offends constitutional due process.  *Id*.  Therefore, personal jurisdiction exists if FedEx Canada has "certain minimum contacts with [Kentucky] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (U.S. 1945).

Courts can acquire personal jurisdiction over a defendant under either specific or general jurisdiction.  A court has specific jurisdiction when the cause of action arises out of the defendant's contacts with the forum state.  *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414 n.8 (U.S. 1984).  When the cause of action does not arise out of a defendant's contacts with the forum a court is considered to have general jurisdiction.  *Id*.

## I.  SPECIFIC JURISDICTION

In determining whether a court may exercise specific jurisdiction, the Sixth Circuit applies a three part test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).  "[E]ach criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked."  *Lak, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1303 (6th Cir. 1989).

We find that the plaintiffs cause of action does not arise from the defendant's contacts with Kentucky, and therefore, we cannot exercise specific personal jurisdiction over the defendants.  "The

'arising from' requirement under the second prong is satisfied [only] when the operative facts of the controversy arise from the defendant's contacts with the state." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir., 2000). EIC's only claim against FedEx Canada can be found in Count V of the complaint. EIC alleges that FedEx Canada is liable to it under the theories of quantum meruit and unjust enrichment.

Recovery under a claim for quantum meruit or a contract implied by law is distinguishable from an express or implied contract in fact.

> [A] contract implied by law allows for recovery quantum meruit for another's unjust enrichment. It is not based upon a contract but a legal fiction invented to permit recovery where the law of natural justice says there should be a recovery as if promises were made. The courts supply the fiction to permit the recovery.

*Perkins v. Daugherty*, 722 S.W.2d 907, 909 (Ky. Ct. App., 1987). EIC claims that FedEx Canada is unjustly enriched by the labor and materials that it incorporated into the Project. Therefore, since the operative facts of EIC's claim arises from the materials supplied and work performed on the Project in Canada, EIC's cause of action does not arise from FedEx Canada's activities in Kentucky.

## II. GENERAL JURISDICTION

"A proper exercise of general jurisdiction requires the 'defendant's contacts with the forum state [to be] of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992). EIC argues that this court can exercise general jurisdiction over FedEx Canada since FedEx Canada ships packages to Kentucky. We disagree. FedEx Canada is not licensed to transact business in Kentucky, does not solicit business in Kentucky and does not have any offices or employees located in Kentucky. Therefore, we find that FedEx Canada's acts of shipping packages from Canada to Kentucky are not

of a continuous and systematic nature such that this court could maintain general jurisdiction over it in an action unrelated to the actual shipping of packages from Canada to Kentucky.

## **CONCLUSION**

To hold under these facts that FedEx Canada has had the requisite "minimum contacts" with Kentucky, such that it should have "reasonably anticipate[d] being haled into court there," would be unfair. Therefore, we will hold that the exercise of personal jurisdiction over FedEx Canada in this case would offend the traditional notions of fair play and substantial justice. A separate order will be entered herein this date in accordance with this opinion.